UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MATTHEW KERN PRENTICE,

    Debtor,
_____/

Case No. 11-41837
Chapter 7
Hon. Walter Shapero

KEITH SCHOFIELD,

    Plaintiff,

v.

MATTHEW KERN PRENTICE,

    Defendant.
_____/

Adv. Pro. No. 11-05412

## OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff alleges in the complaint that he was part owner of some, and manager of a number of, restaurants in Metropolitan Detroit, in which Defendant Debtor was a principal. The various restaurants were organized as separate corporate or corporate type entities. More specifically, Plaintiff's claims are alleged and denoted as follows:

(a)

| Restaurant Name/Entity | Nature of Plaintiff's Interests/Claims |
|---|---|
| Deli Unique | 40% ownership and managerial entitlement to unidentified annual salary and 40% of net profits; |
| Plaza Deli | 11% ownership and managerial entitlement to unidentified annual salary and 11% of net profits; |
| No. VI Chophouse | No ownership but managerial entitlement to 15% of net profits; |
| Kingsley Inn | No ownership but managerial entitlement to 15% of net profits; |

| | |
|---|---|
| Northern Lakes Seafood Co. | No ownership but managerial entitlement to 15% of net profits; |

(b) On October 2, 2007, Plaintiff, having been terminated as an employee in September 2007, calculated the aggregate amount due him as net profits to be at least, and likely greater than, $501,984.97;

(c) During a meeting on that date with Defendant, Plaintiff agreed to accept $501,984.97 (notwithstanding his belief that he was likely owed more) on an agreed payment schedule;

(d) Plaintiff received no payments on that agreement, and Plaintiff agreed on March 13, 2008, to another, and lesser, settlement amount;

(e) The agreed lower settlement amount was $487,949.48, on which Defendant only made one payment of $15,775.90;

(f) Unknown to Plaintiff, Defendant sold the assets of the restaurant entities (including those two in which Plaintiff held an ownership interest) to Trowbridge Restaurants, Inc., an entity created and owned by Defendant's accountant, Stanley Dickson, and incident thereto, the unreasonably low sale price rendered his ownership interests worthless; and

(g) Defendant and his wife individually, and inappropriately, pocketed funds from the various restaurant entities in a manner which adversely affected his net profit distribution shares.

Plaintiff sued Defendant and the various involved restaurant entities in state court on the following seven state law theories:

(1) Breach of the No. VI Chophouse Agreement against Unique Restaurant Corp. ("URC");

(2) Breach of the Kingsley Inn Compensation Agreement against URC;

(3) Breach of the Buyout Agreement against Defendant and Matt Prentice Restaurant Group, the assumed name for MPRG, Inc.;

(4) Fraud and Misrepresentation against Defendant and MPRG;

(5) Account Stated against Defendant and MPRG;

(6) Breach of Fiduciary Duty against Defendant; and

(7) Breach of the Deli Unique of West Bloomfield Management Agreement against Unique Delicatessens.

(Br. Def.'s Mot. J. Pleadings 5.) After Defendant sought partial summary judgment, the state court dismissed claim or count "(4)" against him individually with prejudice for the "reasons stated on the record"; and apparently thereafter rendered judgments in favor of Plaintiff against the corporate entities (but not Defendant individually) in respect to all of the other claims or counts. Defendant's filing of his chapter 7 bankruptcy on January 26, 2011, stayed further state court proceedings.

Plaintiff brought this adversary proceeding seeking to have the "debt" owed him by Defendant on the settlement contract of March 13, 2008, and the claimed liability arising from the loss in value of his ownership interests, survive Defendant's discharge under 11 U.S.C. § 523(a)(2)(A) (misrepresentation, false pretenses, *and* actual fraud) & (B), (a)(4) (defalcation while acting in a fiduciary capacity, embezzlement, *and* larceny ), and (a)(6) (willful and malicious injury). Defendant filed his answer to the complaint and thereafter moved for a Judgment on the Pleadings under Fed.R.Bankr.P. 7012(c), incorporating Fed.R.Civ.P. 12(b)(6) ("Motion"). Plaintiff filed a detailed response to the Motion elaborating substantially and fleshing out the allegations in the complaint, and attaching as exhibits various documents purporting to substantiate the claims more generally made in the complaint as to both the alleged 2007 and 2008 agreements, as well as the other asserted bases for nondischargeability.[1]

---

[1] Included in the aforementioned exhibits is an affidavit from Frederick Therrien, Jr. That affidavit, among other things, asserts a number of discussions to which the affiant and Defendant were a party, detailing Defendant's intent and motivations in filing this bankruptcy case. If such were proven to be true, they can arguably be seen as raising an issue of Defendant's good faith in filing this bankruptcy in the first place, and also may raise other issues adverse to Defendant in connection with this case not directly relevant to disposition of the subject Motion.

3

Defendant correctly notes that the standard for disposition of the Motion is nearly identical to that employed for a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, i.e., the Court must construe the complaint in the light most favorable to Plaintiff, accepting the factual allegations as true, and determining whether there is no set of those alleged facts which would support the claim for the sought after relief. Possibly also procedurally relevant here is Fed.R.Bankr.P. 7012(d), which says that in Rules 12(b)(6) and (c) situations "if matters outside the pleadings are presented to and not excluded by the court," the motion should be treated as a motion for summary judgment. It would appear that what is contained in Plaintiff's answer to the Motion are not matters outside the pleadings and they can be considered by the Court. Regardless, and even if only the allegations in the complaint should be considered, the Court's conclusions would be the same whether or not summary judgment standards procedurally apply, given the various filed pleadings, the allegations in the Motion, the oral arguments on the Motion, and the procedures by which the Motion has been brought before the Court.

Count I of the complaint seeks denial of discharge under § 523(a)(2)(A) of the amounts claimed to be due Plaintiff as net profits. Paragraphs 29, 30, 32, and 33 of the complaint clearly and effectively allege the false promises and representations required to be shown, and later paragraphs allege the necessary reliance and other elements required to be proved. While those claims are enhanced by Plaintiff's response to the Motion, the complaint in and of itself is sufficient requiring denial of the Motion as to this count. If not, when taken with the response to the Motion, the combination is more than sufficient.

Count II of the complaint seeks denial of discharge under § 523(a)(2)(B), which among other things require a statement in writing respecting Defendant's financial condition. Paragraphs 43, 44,

4

and 45 of the complaint sufficiently refer to the existence and nature of such, and Plaintiff's response to the Motion includes the actual written documents and statements on which he relied. Separately or individually, such are also similarly sufficient for denial of the Motion.

Count III of the complaint seeks denial of discharge, using the same basic facts as underlay the other counts, under § 523(a)(4) for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." As to fiduciary capacity, Plaintiff argues that existed by reason of Defendant's ownership and overall management of the various involved restaurants. Sixth Circuit law relating to the "fiduciary capacity" contemplated by the statute requires the existence of an express or statutory trust, neither of which exist here. See Patel v. Shamrock Floorcovering Servs., (In re Patel), 565 F.3d 963, 968 (6th Cir. 2009). Accordingly, that claim under § 523(a)(4) should be dismissed.

As to the § 523(a)(4) embezzlement and larceny claims, they too must be dismissed, at least in the posture in which they are asserted in this particular nondischargeability proceeding. The essence of Plaintiff's claim in this regard is that Defendant and his wife misappropriated funds belonging to the entities which were obligated to pay Plaintiff the claimed sums. Properly characterized, the claims are in the nature of derivative claims seeking restoration of the misappropriated funds to the corporate entities involved, (not just to Plaintiff but for the benefit of all of the creditors of those involved entities) and, at the least, require joining and including the relevant corporate entities. See Ross v. Bernhard, 396 U.S. 531, 538 (1970) ("The corporation is a necessary party to the [derivative] action; without it the case cannot proceed."); see generally Brown v. Ferro Corp., 763 F.2d 798, 802-03 (6th Cir. 1985) ("Shareholder's derivative actions are

5

governed by [Fed.R.Civ.P. 23.1]."); Fed.R.Civ.P. 23.1 (setting forth proper protocol for bringing derivative actions). Accordingly, those claims should be dismissed as well.

Count IV of the complaint seeks denial of discharge, using the same basic facts as underlay the other counts, under § 523(a)(6) relating to nondischargeable debt "for willful and malicious injury" by Defendant. The essence of that claim is that the alleged misappropriations of funds in the context of the other alleged facts are a proper basis for such a claim. The rationale for denying the Motion involves Defendant's initial argument to the effect that any debt owed Plaintiff in any event is only owed by the appropriate corporate entities and not by Defendant individually. Under Michigan law, agents and officers of a corporate entity may be found personally liable for a tort committed in the name of the entity, such as conversion for instance, based on the extent of their active participation. See e.g., Citizens Ins. Co. v. Delcamp Truck Center, Inc., 444 N.W. 2d 210, 213 (Mich. Ct. App. 1989) (citations omitted). The allegations as to Defendant's personal involvement in the subject transactions are clear. There are questions of fact resolvable only by an evidentiary hearing as to whether or not the alleged obligations were in fact or in law undertaken by Defendant individually and/or whether such were solely the obligations of the involved entities, subject of course, to the above noted rule as to personal liability arising out of active participation.

Accordingly, the Motion is denied as to all counts of the complaint, except as to Count III which may be dismissed. Plaintiff shall present an appropriate order.

**Signed on August 16, 2012**

                                        **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**